**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
HIRAM JOHNSTON,                     :
                                    :  Civil Action No. 10-3776 (FLW)
            Petitioner,             :
                                    :
      v.                            :       O P I N I O N
                                    :
WARDEN, et al.,                     :
                                    :
            Respondents.            :
_____ :

**APPEARANCES:**

Hiram R. Johnston, Jr., Pro Se
#539543
Mercer County Correctional Center
P.O. Box 8068
Trenton, NJ 08650

**WOLFSON, District Judge**

This matter is before the court pursuant to a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, filed by petitioner Hiram R. Johnston, Jr., on or about July 28, 2010. The named respondent is the Warden of the Mercer County Correctional Center ("MCCC"). Petitioner failed to pay the $5.00 filing fee, or submit a complete application to proceed in forma pauperis.[1]

---

[1] Petitioner submitted an affidavit of indigence with his application for in forma pauperis ("IFP"), but did not submit a trust account certification form signed by an authorized officer of the facility where he is confined, as required under Local Civil Rule 81.2(b). On September 21, 2010, this Court entered an Order directing Petitioner to either remit the $5.00 filing fee or submit a complete IFP application within thirty days. Petitioner has not done so.

On September 13, 2010, Petitioner filed a motion for immediate release, which remains pending (docket entry 3). For the reasons set forth below, this Court finds that habeas relief under § 2241 is unavailable, and this habeas action must be dismissed without prejudice. Further, Petitioner's motion for immediate release must be dismissed.

### BACKGROUND

According to the petition, Petitioner is currently in custody at the Mercer County Correctional Center ("MCCC") on alleged violations of his New Jersey parole conditions. Although unclear from the Petition, it appears that Petitioner is currently under parole restraints in New Jersey and Pennsylvania.

Petitioner was arrested on June 19, 2010, on domestic violence and terroristic threat charges. Petitioner claims that the basis of his arrest was a false complaint filed by his wife and his parole officer. Petitioner asserts that he admitted to New Jersey parole authorities that he consumed two shots of vodka on the night prior to his arrest after an argument with his wife. It is apparent from the petition that Petitioner was released on bail after his arrest for the parole violations, but then his bail was revoked, or he was subsequently arrested when his wife and parole officer filed a complaint against him for terroristic threats.

Petitioner notes that his confinement at the MCCC is "under confinement conditions worse than those experienced by convicted felons serving time in the state prison system."  He argues that his confinement is unlawful, and was secured without procedural due process and equal protection of the laws.  Petitioner further alleges that the charges against him are false, in that his wife and parole officer provided false information to law enforcement authorities, in a conspiracy against him.

As to relief, Petitioner asks for a declaratory judgment that the charges filed against him by his wife and parole officer were false and violated his constitutional rights; that his due process was violated by the New Jersey parole authorities; that his conditions of confinement at MCCC are unconstitutional; and that he be released from confinement.

Petitioner's motion for immediate release argues that he is entitled to release because his habeas petition had not yet been answered.

## ANALYSIS

**A.   Standards for Sua Sponte Dismissal**

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to show
> cause why the writ should not be granted, unless it
> appears from the application that the applicant or
> person detained is not entitled thereto.

3

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   Jurisdictional Issue**

Federal courts do have jurisdiction, under 28 U.S.C. § 2241, to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding.  See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).  Addressing whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the United States Court of Appeals for the Third Circuit has held:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ...;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing

>of the need for such adjudication and has exhausted
>state remedies.

Id. at 443.

Here, Petitioner seeks to have his state court criminal charges of terroristic threats and violating parole dismissed by this federal court on claims of innocence.  He also seeks immediate release from custody.  However, it is apparent from the petition that the Petitioner's claims have not been exhausted in his state court proceedings.  In fact, Petitioner alleges no facts asserting that he has been convicted of either the parole violation or the terroristic threats charge.

Moreover, although Petitioner asks for immediate release from custody, he does not allege any "extraordinary circumstances" that would justify intervention by a federal court.  As noted in Moore, it has been suggested that this type of jurisdiction may apply "in situations where jurisdiction is lacking for the state to bring any criminal charges against the petitioner."  Moore, 515 F.2d at 447 (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 508 (1973) (Rehnquist, J, dissenting)).  Here, Petitioner's claims that he violated probation and/or was falsely accused by his wife and parole officer of terroristic threats involve defenses to the respective criminal charges, which can be raised and litigated in the pending state proceedings.  See Younger v. Harris, 401 U.S.

37 (1971) (constitutional challenges must be raised in pending state criminal cases; a federal court generally will not intercede to consider issues that plaintiffs have an opportunity to raise before the state court).[1]

Indeed, Petitioner has not described any effort he has made to test the lawfulness of his pre-trial detention in the New Jersey state courts since his arrest for parole violations and/or terroristic threats.  Thus, it would appear that Petitioner simply prefers to test the lawfulness of his pretrial detention in federal court without first presenting his claims for state court review.  Given the complete absence of any "exceptional circumstances" that would justify federal intervention in

---

[1] The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before the Younger abstention may be invoked:  (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff. See Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). Here, Petitioner's criminal proceedings for violating parole are pending; thus, state proceedings implicating important state interests are ongoing and Petitioner has the opportunity to raise his claims of innocence in his state proceedings. Accordingly, this Court is constrained by Younger to dismiss these claims without prejudice.

Petitioner's pending state proceedings, this Court finds that the petition must be dismissed at this time.

Moreover, if Petitioner is eventually convicted of the alleged charges in his pending state criminal trials, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Petitioner has an opportunity to litigate his claims of innocence and allegations that there were false statements made against him in the course of his state court proceedings. Therefore, because Petitioner has failed to exhaust these claims before the New Jersey state courts, and given the complete absence of any "exceptional circumstances" that would justify federal intervention in Petitioner's pending state proceedings, this Court finds that the petition must be dismissed without prejudice at this time.

Finally, it appears that Petitioner may be attempting to assert a claim of unconstitutional conditions of confinement for damages.  Such claims do not warrant habeas relief, but rather should be asserted in a separate civil rights action.  See Muhammad v. Close, 540 U.S. 749, 750 (2004) (federal law provides two avenues of relief to prisoners: a petition for habeas corpus

and a civil rights complaint).  This Court notes that Petitioner does have a civil rights complaint pending which asserts these claims.  See Johnston v. Warden, 10-cv-3407 (FLW).

## CONCLUSION

For the foregoing reasons, the petition for habeas relief under 28 U.S.C. § 2241 will be dismissed without prejudice. Petitioner's motion for immediate release will also be dismissed. An appropriate Order follows.


                                        s/Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge

Dated: 10/27/10