**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                      :
HIRAM R. JOHNSTON, JR.                :
                                      :  Civil Action No. 10-3776 (FLW)
            Petitioner,               :
                                      :
        v.                            :        **O P I N I O N**
                                      :
WARDEN, et al.,                       :
                                      :
            Respondents.              :
_____:

**APPEARANCES:**

Hiram R. Johnston, Jr., Pro Se    Christopher C. Josephson, Esq.
#539543                            Office of the Attorney General
Mercer County Correctional Center 25 Market Street
P.O. Box 8068                     Trenton, NJ 08625-0112
Trenton, NJ 08650                 Attorney for Respondents

**WOLFSON, District Judge**

This matter is before the court on Petitioner's motions for reconsideration and for an evidentiary hearing (docket numbers 14 and 15). These motions are being decided without oral argument pursuant to Fed. R. Civ. P. 78. For reasons discussed below, both motions will be denied.

### BACKGROUND

On July 28, 2010, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. On October 27, 2010, this Court issued an Opinion and Order dismissing the petition, without prejudice. Citing Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975) and Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), this Court found that

Petitioner did not have jurisdiction under 2241 to bring his claims, and had not exhausted his claims in the state court.

1.  <u>Motion for Reconsideration</u>

On November 10, 2010, Petitioner filed a motion for reconsideration.  In the motion for reconsideration, Petitioner argues that this Court misinterpreted the factual background of his case.  (Motion, p. 1).  Then, he continues to go through the facts leading up to his arrest on charges of terroristic threats. He states that he is "alleging that after he was released on bail on the charge of terroristic threats, his wife, parole officer, Willingboro police officers and the Willingboro Municipal Court Judge caused deliberately false charges to be filed against him for allegedly violating a restraining order for the specific purpose of obstructing justice to obtain an objective not intended by law."  (Motion, p. 3).  He also contends that "New Jersey invoked parole revocation proceedings against him charging violations of parole conditions applicable to a New Jersey parole sentence which expired in excess of seven (7) years ago, which clearly violated his substantive rights to procedural due process and equal protection of the law."  (Motion, p. 4).

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  <u>See</u> <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to

alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  See id.  In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration.  See Byrne v. Calastro, 2006 WL 2506722 (D.N.J. Aug. 28, 2006).[1]

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  See L. Civ. R. 7.1(i).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability

---

[1]   Byrne states:

> . . . in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.

Byrne, 2006 WL 2506722 at *1 (citations omitted).

of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court

4

made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

In this case, Petitioner has not presented to this Court any facts that would justify reconsidering this Court's Opinion that

jurisdiction in this case is lacking.  For the reasons set forth in this Court's prior Opinion, Petitioner's arrest on state law charges needs to be exhausted through the state courts prior to raising it as a pretrial claim under § 2241.  Although Petitioner disagrees, the proper recourse is to appeal this Court's Opinion to the Court of Appeals.  Petitioner has not demonstrated an intervening change in the controlling law, the availability of new evidence that was not available when the court issued its order, or the need to correct a clear error of law or fact or to prevent manifest injustice.  Thus, Petitioner is not entitled to relief on his motion under Local Civil Rule 7.1.

Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir.

1978) (quoted in <u>Coltec Industries, Inc. v. Hobgood</u>, 280 F.3d 262, 271 (3d Cir. 2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'"  Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'"  "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'"

<u>Tischio v. Bontex, Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances.  See <u>Ackermann v. United States</u>, 340 U.S. 193 (1950); <u>Stradley v. Cortez</u>, 518 F.2d 488, 493 (3d Cir. 1975).  A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established."  <u>FDIC v. Alker</u>, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.'  It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have

reasonably sought the same relief by means of appeal."
Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908,
911 (3d Cir. 1977) (citations omitted).

Here, Petitioner has not demonstrated that he satisfies any
of the reasons warranting 60(b) relief.  Petitioner has not shown
entitlement to be relieved from the judgment due to mistake,
inadvertence, surprise, or excusable neglect, see Rule 60(b)(1);
has not presented newly discovered evidence, see Rule 60(b)(2);
and has not satisfied the criteria for Rule 60(b)(3)-(6).  In
this case, nothing presented by Petitioner in his motion
challenges this Court's determination that jurisdiction is
lacking for Petitioner to challenge his claims here in federal
court, or to justify federal intervention in Petitioner's pending
state proceedings.

Therefore, with regard to a Rule 60(b) motion, Petitioner
has not demonstrated that he is entitled to relief from this
Court's judgment of October 27, 2010.  Nothing Petitioner
presents in his motion convinces this Court that "extraordinary
circumstances" exist which warrant 60(b) relief.  Thus,
Petitioner is not entitled to relief under Rule 60(b) and his
motion will be denied.

2.   <u>Motion for Evidentiary Hearing</u>

In his motion for evidentiary hearing, Petitioner asks for an evidentiary hearing due to violations of his constitutional rights.

As this Court has found that Petitioner's constitutional rights have not been violated, Petitioner's motion for an evidentiary hearing is denied, as moot.

**<u>CONCLUSION</u>**

For the foregoing reasons, Petitioner's motions will be denied.   An appropriate Order follows.


                               s/Freda L. Wolfson
                              FREDA L. WOLFSON
                              United States District Judge


Dated: June 20, 2011